IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
_____ 20 TH _____ DIVISION

VAUGHN HARRIS ,
**(Name)**
578087 ,
**(Prison Id. No.)**
All Pretrial and Inmate Prisoners
Held In the RHU cells of
THE Davidson County - Downtown Center
**(Name)** Detention Center
PRISON
(Prison Id. No.) - Unknown

**Plaintiff(s)**

v. THE Metropolitan Government
OF Nashville and Davidson County,
Tennessee, The Davidson County Sheriff
The D.C.S.O. staff, and
The **(Name)** D.C.S.O. Medical Care Agent
Correct Care Solutions and Dr Africa,
And 3 other **(Name)** Dentist

**Defendant(s)**

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

*(List the names of all the plaintiffs filing this lawsuit. Do not use "et al." Attach additional sheets if necessary.)*

Civil Action No. _____
*(To be assigned by the Clerk's Office. Do not write in this space.)*

JURY TRIAL REQUESTED √ YES  or  √ NO

*(List the names of all defendants against whom you are filing this lawsuit. Do you use "et al." Attach additional sheets if necessary.)*

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS FILED
PURSUANT TO 42 U.S.C. § 1983

I.  PARTIES TO THIS LAWSUIT

A.  Plaintiff(s) bringing this lawsuit:

1.  Name of the first plaintiff: VAUGHN HARRIS
    Prison I.D. No. of the first plaintiff: 578087
    Address of the first plaintiff: D.C.S.O. PRISON, P.O. Box 196383,
    Nashville, TN 37219 (Downtown Detention Center Prison)

    Status of Plaintiff: CONVICTED ( √ )    PRETRIAL DETAINEE ( √ )

2.  Name of the second plaintiff: All Pretrial and Postrial D.C.S.O. R.H.U. inmates
    Prison I.D. No. of the second plaintiff: Unknown (Requested)
    Address of the second plaintiff: D.C.S.O. PRISON, P.O. Box 196383
    Nashville, TN 37219 (Downtown Detention Center Prison)

    Status of Plaintiff: CONVICTED ( √ )    PRETRIAL DETAINEE ( √ )

Revised 11/2014

1

*(Include the name of the institution and mailing address with zip code for each plaintiff. If any plaintiff changes his or her address, he or she must notify the Court immediately. If there are more than two plaintiffs, list their names, prison identification numbers, and addresses on a separate sheet of paper.)*

B.  Defendant(s) against whom this lawsuit is being brought: ① *The Metropolitan* ② *Government of Nashville and Davidson County, Tennessee, and the*

1.  Name of the first defendant: *Nashville, Tennessee Legislature (sic!)*
    Place of employment of the first defendant: *Tennessee State Capital Bldg. 1st Floor, 600 Charlotte Ave, Nashville, TN 37243*
    First defendant's address: *Tennessee State Capital Bldg. 1st Floor, 600 Charlotte Ave, Nashville, TN 37243*

    Named in official capacity?   ✓ Yes   ___ No
    Named in individual capacity?   ✓ Yes   ___ No

*3rd + 4th Defendant Governor Bill Lee* ③ *Daron Hall & Sheriff of D.C.S.O.*

2.  Name of the second defendant: ④ *Thomas Conrad, Carla Joseph*
    Place of employment of the second defendant: *The D.C.S.O. Downtown Detention Center Prison, 200 James Robertson Pkwy, Nashville, TN 37201*
    Second defendant's address: *200 James Robertson Pkwy, Nashville, TN 37201 or D.C.S.O. P.O. Box 196383, Nashville, TN 37219*

*All defendants are being sued in both capacities below:*
    Named in official capacity?   ✓ Yes   ___ No *(Both)*
    Named in individual capacity?   ✓ Yes   ___ No *⑤ Branvisse Earl*

*(If there are more than two defendants against whom you are bringing this lawsuit, you must list on a separate sheet of paper the name of each additional defendant, his or her place of employment, address, and the capacity in which you are suing that defendant. If you do not provide the names of such additional defendants, they will not be included in your lawsuit. If you do not provide each defendant's proper name, place of employment, and address, the Clerk will be unable to serve that defendant should process issue.)*

II.  **JURISDICTION**

A.  Jurisdiction is asserted pursuant to 42 U.S.C. § 1983 (applies to state prisoners). Jurisdiction is also invoked pursuant to 28 U.S.C. § 1343(a)(3).

    If you wish to assert jurisdiction under different or additional statutes, you may list them below: *under 42 U.S.C. § 1985*

$2_A$

Suit Defendants Listed below and on Next pages

1. The Metropolitan Government of Nashville and Davidson County, Tennessee (pg 2B)
2. City of Nashville, Tennessee
3. Correct Care Solutions
4. Melinda Stephens
5. Dr Krystal Lewis
6. Jenny Jaynes
7. Tom Webb
8. Jeanette Page
9. Jan Rebar
10. Aaron Caskey
11. Michelle Ragland
12. April McQueen
13. Loreena Willams
14. Jeff (Last Name Unknown)
15. Austin Bodie
16. Daron Hall - Sheriff
17. Catherine Fitzwater
18. Kenita Thomas
19. ~~Jones~~
20. Justin Webb
21. Keiana Burgess
22. Brian Eichstaedt
23. Ronnie Davis
24. Debra Dixon
25. Grannise Earl
26. Jamie Johnson
27. Ruby Joyner
28. Tyler Saggs
29. Patryce Mayberry / J. Primus
30. J. Primus
31. Austin Dale
32. T Hindsley
33. Clark Sargent
34. Sean Beach
35. M. Graulau
36. M. Hedgwood
37. Annalisa Smith
38. Nicholas Pallak
39. David Bryant
40. Thomas Conrad
41. Jerry Ramsey
42. Richard Grant
43. L.T. Dial
44. S. Price
45. Sara Vardell
46. Bloss
47. James Hendry
48. Michael Martinez
49. Chris Brown

28. Daron Hall - Sheriff
29. C. Robinson
30. E. Higgins
51. Jacob Bianchi
52. Jennifer Cobbs
53. A. Buchanan
54. Melissa Hicks
55. Rutledge
56. Correct Care Solutions
Medical Agents and employees and staff - etc... The Nashville, TN Jail
72. 92. Revenue Shavon
97. Candy Hill
98. Dr Africa
102. C. Mackey
98 thru 130 Belonging

Some First Names will
have to be discovered
by plaintiff's legal council
because the defendants
would hide thier Names
Many Times under
"Metro" custom.
D.C.S.O., P.O. Box 196838
Nashville, TN 900...

56 thru 98 are Davidson County Sheriffs Office Pretrial prison, medical agents employed in the Metro. Nashville D.C.S.O. and assistance by Correct Care Solutions for the Davidson county...

All defendants are being sued in thier individual and official capacities. All are employees or agents of the Davidson County Sheriffs Office & 448 2nd Ave North, Nashville, TN 37201, or D.C.S.O.-7.5.0 medical agents employed by the D.C.S.O. and Metro. by Correct Care Solutions, 1283 Murfreesboro Road, Suite 500, Nashville, TN 37217, and Dr. Krystal Lewis and Jenny Jaynes - Dental Care Agents of Correct Care Solutions for the Metro. Davidson county Sheriffs Office. Pretrial prison from 2014 thru 2023. All can be given summons at the Davidson county Sheriffs Office Pretrial Prison or Correct Care Solutions for any of the medical or dental Care employees or agents. 98 thru 120 All other employees or agents of the Davidson County Sheriffs Office or the D.C.S.O.

2B

13 A

**III.    PREVIOUS LAWSUITS (The following information must be provided by each plaintiff.)**

A.    Have you or any of the other plaintiffs in this lawsuit filed any other lawsuit(s) in the United States District Court for the Middle District of Tennessee, or in any other federal or state court?        ✓ Yes        ___ No

B.    If you checked the box marked "Yes" above, provide the following information:

  1.    Parties to the previous lawsuit:

  Plaintiffs    _VAUGHN HARRIS_

  Defendants    _DAVIDSON County SHeriff's OFFICE STAFF and Medical Agents_

  2.    In what court did you file the previous lawsuit? _Federal-Middle District of Tennessee_
  (If you filed the lawsuit in federal court, provide the name of the District. If you filed the lawsuit in state court, provide the name of the state and the county.)
  ✱ _In State Court I Filed 3 Criminal Appeals._

  3.    What was the case number of the previous lawsuit? _3:15cv00356_

  4.    What was the Judge's name to whom the case was assigned? _Judge Sharp_

  5.    What type of case was it (for example, habeas corpus or civil rights action)? _Civil Rights_

  6.    When did you file the previous lawsuit? (Provide the year, if you do not know the exact date.) _2015_

  7.    What was the result of the previous lawsuit? For example, was the case dismissed or appealed, or is it still pending? _Dismissed for Failure to Have Adequate Responses due to inadequate Access Time to Law Library Research Materials For Aussess to Court._

  8.    When was the previous lawsuit decided by the court? (Provide the year, if you do not know the exact date.) _____

  9.    Did the circumstances of the prior lawsuit involve the same facts or circumstances that you are alleging in this lawsuit?    ✓ Yes _and_ ✓ No

*(If you have filed more than one prior lawsuit, list the additional lawsuit(s) on a separate sheet of paper, and provide the same information for the additional lawsuit(s).)*

3

IV. **EXHAUSTION**

    A.   Are the facts of your lawsuit related to your present confinement?

          ✓ Yes        \_\_\_No

    B.   If you checked the box marked "No" in question III.B above, provide the name and address of the prison or jail to which the facts of this lawsuit pertain. _Davidson County, Tennessee Downtown Detention Center Prison And Pretrial Jail - 200 James Robertson Parkway, Nashville, TN 87201_

    C.   Do the facts of your lawsuit relate to your confinement in a Tennessee state prison?

          ✓ Yes        \_\_\_No

        *(If you checked the box marked "No," proceed to question IV.G. If you checked the box marked "Yes," proceed to question IV.D.)*

    D.   Have you presented these facts to the prison authorities through the state grievance procedure?    ✓ Yes        \_\_\_No

    E.   If you checked the box marked "Yes" in question III.D above:

        1.   What steps did you take? _I exhausted the Grievance Process For More than 10 years._

        2.   What was the response of prison authorities? _To Lie And Deny the civil rights violations._

    F.   If you checked the box marked "No" in question IV.D above, explain why not. _N/A_

    G.   Do the facts of your lawsuit pertain to your confinement in a detention facility operated by city or county law enforcement agencies (for example, city or county jail, workhouse, etc.)?    ✓ Yes        \_\_\_No

    H.   If "Yes" to the question above, have you presented these facts to the authorities who operate the detention facility?    ✓ Yes        \_\_\_No

    I.   If you checked the box marked "Yes" in question III.H above:

        1.   What steps did you take? _I mailed A Letter to the Mayor and Governor And Exhausted the Grievance Process of the Prison._

4

2. What was the response of the authorities who run the detention facility? _They Lied and claimed my Grievances were False or unsustained._

J. If you checked the box marked "No" in question IV.H above, explain why not. _N/A N/A_

## V. CAUSE OF ACTION

Briefly explain which of your constitutional rights were violated:

_My 1st Amendment U.S.C. Right to Adequate Access to Courts. Bounds v. Smith, 430 U.S. 817 (1977) And my 8th And 14th Amendment U.S.C. Right to timely medical repair and treatment and my 4th, 5th, and 6th Amendment U.S.C. Rights to the U.S. Constitution._

## VI. STATEMENT OF FACTS

State the relevant facts of your case as briefly as possible. Include the dates when the incidents or events occurred, where they occurred, and how each defendant was involved. Be sure to include the names of other persons involved and the dates and places of their involvement.

If you set forth more than one claim, number each claim separately and set forth each claim in a separate paragraph. Attach additional sheets, if necessary. Use 8 ½ inch x 11 inch paper. Write on one side only, and leave a 1-inch margin on all 4 sides.

_I, VAUGHN HARRIS, AM IN IMMINENT DANGER OF PHYSICAL INJURY BY MEDICAL NEGLECT! So this Lawsuit is filed by I, VAUGHN HARRIS, A Nashville, TN prisoner of the Downtown Detention Center Prison under 42 U.S.C. §§1983 And 1985 AGAINST the Metropolitan Government of Nashville And Davidson County, Tennessee, Governor Bill Lee, the Tennessee legislature, Sheriff DARON HALL, AND All Davidson County Sheriff's Office staff And Medical Agents that Assisted in the violation of my 1st, 4th, 5th, 6th, and 14th Amendment U.S. Constitution Rights, I was entitled to under U.S. Constitution LAW. This Lawsuit filed by I, VAUGHN HARRIS, AGAINST METRO-Nashville, Tennessee under 42 U.S.C. §§1983 and 1985 ask for Monetary damages And injunctive relief be given to the plaintiff under 42 U.S.C. 1983 and 1985 from the defendants for the defendants denial of giving me sick call requested dentle and medical care procedures to the plaintiff due to unjust discrimination by the Medical staff, for the defendants denying Access and use of Law Library materials, legal assistance, and Printouts of LAW won AGAINST Metro. Nashville to the D.C.S.O. staff, criminal Appeals won AGAINST Tenn. For Access and response to Court, which creates A denial of Access to Court in violation of Bounds v. Smith, 430 U.S. 817, 828 (1977) and Lewis v. Casey, 116 S.Ct. (1996). And Saucier v. Katz, 533 U.S. (2001)._

## INTRODUCTION OF SUIT WITH JURY DEMAND

This is a civil rights lawsuit action filed by I, VAUGHN HARRIS a state prisoner of Nashville, Tennessee, demanding damages of up to $250,000.00 and injunctive relief under 42 U.S.C. § 1983 and 1985, alleging denial of timely requested medical and dental care REPAIR and excessive use of force in violation of the 4TH, 5TH, 7TH, 8TH and 14TH Amendments to the United States Constitution and Tennessee state Law. And also I allege that I was held in R.H.U. unit for (more than 2 years under) extra punitive confinement (segregation) and denied adequate TIME use of Law Library study materials and study time due to METRO. and D.C.S.D. staff policy, discrimination, and in violation of MY Due Process Clause RIGHTS of the 14TH Amendment of the U.S. Constitution. I also allege that all the defendants working in the Davidson County Criminal Justice System conspired in a joint effort to deny me, VAUGHN HARRIS, my 1ST, 2ND & 4, 5TH, 6TH, 8TH and 14TH Amendment Rights of the U.S. Constitution, that I was entitled to, but was denied by persons working under color of illegal state law, T.C.A. 29-20-205.

★ <u>Motion Asking the Court for Certification of the Class</u> ★ in this Lawsuit : THE CLASS CONSIST OF ALL Prisoners Held in Davidson County Sheriffs Office Restrictive Housing Units (R.H.U.) in Nashville, TENNESSEE Prisone and THE Downtown Detention Center Prison - 4TH Floor and any other Floors at the D.D.C. and all Prisoners Who are or will be Confined by the Metropolitan Government of Nashville and Davidson County, TENNESSEE and the D.C.S.O. Prisons Department - Disciplinary Units

★
I, VAUGHN HARRIS, the plaintiff, am in imminent DANGER OF PHYSICAL HARM or DEATH due to the defendants Acts of deliberate MEDICAL NEGLECT and indifference to my MEDICAL HEALTH and DENTLE HEALTH. Federal Court Please Accept this Lawsuit Case!

The U.S. Federal District Court for the Middle District of Tennessee has jurisdiction over the plaintiff's claims of violation of his federal U.S. Constitutional Rights under 42 U.S.C. §§ 1983 and 1985, 42 U.S.C. §§ 1331(a) and 1343 and state law tort claims under 28 U.S.C. § 1367.

This is a Pro Se and Class Action Lawsuit claim Action filed by I, Vaughn Harris, under 42 U.S.C. §§ 1983 and 1985 against the Metropolitan Government of Nashville and Davidson County, Tennessee and the Davidson County Sheriff's Office staff, employees, and Medical and Dentle Agents for punitive, compensatory, monetary, and injunctive relief damages for the defendants execution of Nashville municipal policy and law, Tenn. Code Annotated 29-20-205, that allows the defendants to violate the plaintiff's 1st, 4th, 5th, 6th, 8th and 14th Amendment Rights of the U.S. Constitution, that the plaintiff's were entitled to, but was denied by persons working under color of state law. The defendants executed these Constitutional violations under Tenn. Code Ann. 29-20-205 law: that allowed D.C.S.O. Medical Agents denial and delay of urgent Medical and Dentle care, to drug prisoners and gave malpractice Medical care, allowed deliberate indifference to dentle care by denying fillings, teeth pulling and denial of Medical requested and Dentle care, effective preventitive procedures, discrimination of use of study of Law Library Tablet use, time, and Access and apps and phone use to Non disciplinary, Non hearing inmates held in R.H.U., inmates not under D.C.S.O. disciplinary, hearing punishment being held in R.H.U. not punished and, and being denied equal 7 day a law, library access of use of General Population Tablets, Allowed as necessary assault and battery of already injury body chained inmates by D.C.S.O. staff, Mentle Health staff allowed handcuffing to torture Mentle Health inmates by taking all thier clothes and putting them in extra cold cells, my D.C.S.O. inmates verbal request and written request for Mentle Health care are discriminated against by bias and racist Mentle Health staff, and allowed the D.C.S.O. staff to hinder, alter, and destroy prisoner inmate plaintiff suit documents put in D.C.S.O. mail to the U.S. Federal Tennessee Court illegally.

5 W-3

5 W-3
METRO

This is A class action lawsuit/claim action filed by I, Vaughn Harris, on Nashville.

This Lawsuit is filed by I, VAUGHN Harris, Pro se under 42 U.S.C. §1983.

1. This is a United States Constitution Rights Legal suit claim action for relief filed by I, VAUGHN HARRIS, A pro se pretrial prisoner of Nashville, Tennessee from 10-29-2014 to 2023 of today, for $250,000.00 in PUNITIVE, COMPENSATORY, and injunctive relief damages from the defendants, Tennessee, the municipality of the Metropolitan Government of Nashville and Davidson County, Tennessee, the Davidson County Sheriff's Office Administration and staff, and it's medical care agents, Correct Care Solutions, and it's medical staff, and it's dentle agents, Dr Krystal Lewis, and Jenny Jaynes, Dr AFRICA, for injuries I suffered and still suffer due to the defendants willful, wanton, gross Negligence and delay denial of requested (and prescribed) reasonable (and foreseeable) adequate dentle, and medical care from 10-29-2014 to today in 2022, which violated my 8th and 14th Amendment Rights to the United States Constitution, that I was entitled to, but was denied by persons working under color of (Nashville)(Tennessee) State Law; TN. Code Ann. 29-20-205(1)+(2) that violates the United States Constitution and was the municipality policy that was executed by Metro." and it's agents to cause my injuries of Assault and battery and medical willful, wanton, negligent, which removes governmental entities (suit) immunity under Law, Tenn Code Annotated §29-20-201(b)(2). The U.S. Federal District Court for the Middle District of Tennessee has jurisdiction over my Legal claims of violations of my federal constitutional rights under 42 U.S.C. §1983 and 42 U.S.C. §§1331(1) and 1343; and my state Law tort claims under 28 U.S.C. §1327. All tortfeasors are being sued under 42 U.S.C. §1983 in thier official and individual capacities.

2. I, VAUGHN HARRIS, was entitled to my 8th and 14th U.S.C. RIGHTS by LAW.

3. I demand $250,000.00 be paid jointly and severally by all tortfeasors and defendants that assisted and caused my painful unnecessary DENTLE AND MEDICAL GROSS NEGLECT AND TORTURE,

Case 3:23-cv-00302   Document 1   Filed 04/04/23   Page 9 of 22 PageID #: 9

CLAIM FOR RELIEF - SHORT PLAIN STATEMENT - Fed.R.Civ.P.- Rule 8(a)

The U.S. Federal Court for the Middle District of Tennessee has jurisdiction over the plaintiff's claims of violation of Federal constitutional rights under 42 U.S.C. §1983 and 42 U.S.C. §133(1) and 1343, it also has supplemental jurisdiction over the plaintiff's state law tort claims under 28 U.S.C. §1367.

This is ~~a class action and~~ an individual lawsuit claim action filed by, I, Vaughn Harris, and on behalf of all pretrial prisoners injured by the Metropolitan Government of Nashville and Davidson County, Tennessee and the Davidson County Sheriff's Office employees, staff, and agents execution of the municipality's policy, custom, and law, (Tennessee Code Annotated) that caused us injuries $250,000.00 in damages for Harris 29-20-205 , from 2014 to today of *this*, and until these injuries are re-
(COMPARATIVE FAULT PRINCIPLE REQUESTED)
dressed by the court in (punitive, compensatory, and injunctive relief damages)
All                  prin# plaintiff
under 42 U.S.C. §1983 to the plaintiff, pretrial prisoners, for the defendants
                   plaintiff 1st, 5th, and 14th                              war
deliberate violation of our First, Fifth, and Fourteenth Amendment Rights of United States
                                                                              entities
Constitution, we were entitled to, but were denied by persons working under
      Metroville, TN             and
color of state law. Harris is sueing for $250,000.00 in punitive and compensatory damages from all defendants jointly, and severally, and only in conjunction with other class members on merits of his case.

Therefor we the plaintiffs seek these damages in demand from the defendants All made parties to the suit: ① That the CRIMINAL on Harris CASE 2011-D-3945 be ruled time served or dismissed - whatever the case number is now. ② That the defendants immediately arrange a dentle referreal to a cosmetic dentle doctor or dentle restoration specialist and allow that dentist to repair as much of Harris's teeth as possible with root canals, fillings, and replacements due to Dr. Lewiss delay. ③ Have all defendants that carried but abuse against pretrial detainee prisoner, Vaughn Harris, pay jointly $250,000.00 or whatever amount Harris sued for, ④ as punitive and compensatory damages to Harris. ④ Release Harris from prison or pretrial prison with the monetary damages put on two cashiers checks - one for $3000.00 and the other for the balance of the court forwarded amount to Harris as he is released. ⑤ Order the Federal Government to take over running and supervision of the Davidson County Sheriff's Office prisons for the next 10 years. ⑥ Award whatever injury damages all other pretrial prisoners are entitled to in conjunction with me, Harris. ⑦ Expunge all of Harris's disciplinary convictions from the Davidson county Sheriff's Office and its staff. ⑧ Have the Court use comparative fault principles when making all the defendants pay damages to Harris for the abuse they inflicted against Vaughn Harris or made Harris susttain by neglect, abuse, and torture by omission of medical care or assault and battery.

The U.S. Federal District Court for the Middle District of Tennessee has jurisdiction over the plaintiffs claims of violation of federal constitutional rights under 42 U.S.C. §§1983 and 42 U.S.C. §1331(1) and 1343. And this same U.S. Federal District Court of Middle Tennessee has (SUPPLEMENTAL) jurisdiction, over the plaintiffs state law tort claims under 28 U.S.C. §1367. This suit is filed against all parties execution, of law, policy, and custom, Tennessee Code Annotated 29-20-205, against the plaintiffs that caused unnecessary injuries and torture and punishment in violation of plaintiffs U.S. constitutional rights. (RETROACTIVE).

This is A CLASS ACTION AND individual lawsuit CLAIM ACTION, filed by I, (injured) VAUGHN HARRIS, FOR $250,000.00 AGAINST _____ the Metropolitan Government of Nashville and Davidson County, Tennessee, from 2014 to today of 2023 And (EMPLOYEES OF THE) the Davidson County Sheriffs Office prison, for compensatory, (justice) punitive, and injunctive relief damages under 42 U.S.C. §1983, for deliberate delay, denial, and neglect of providing timely, (requested) (ASSAULT AND BATTERY AND) percribed, (AND) notified, medical care and law library materials to (Bthe) I, Harris, and other pretrial prisoners in thier custody, in violation of our (And) first, fifth, and fourteenth Amendment Rights of the United States Constitution, we were entitled to under the Due Process Clause of the fourteenth Amendment of the United States Constitution, but were denied by persons and entities working under color of state law. Also we plaintiffs allege and claim tort's of ASSAULT and battery, AND deliberate denial and delay of being given (timely) medical care by the defendants under municipality policy, (custom,) and law. (Tennessee Code Annotated) (29-20-205), in violation of our same Due Process Rights of the fourteenth Amendment of the United States Constitution, we were entitled to, but were denied by persons and entities working under color of state law. DAMAGES, (REQUESTED); Therefore, I, VAUGHN HARRIS, request that the court GRANT The following DAMAGES / 1,2,3, AND _____ (EXPUNGE ALL DISCIPLINARY CONVICTIONS IN HARRIS'S (PRETRIAL) RECORD.) relief to I, Harris. (1) Issue an injunction ordering the defendants to imme- diately, arrange for the plaintiff to be given all restorative dentle treatment needed after I, Harris am referred to another cosmetic dentist or dentle agent restoration specialist. (2) Issue an order to have all named defendants guilty, of deliberate abuse, pay punitive and compensatory comparative, fault damages to I the plaintiff of $250,000.00 for the physical and emotional damages I sustained from the defendants abuse. (3) Have the Federal United States Goverment take over the running of this prison for 10 years. (4) Issue an injunction order and declaratory judgment order stating that my rights were violated by the defendants and that they all (named parties) have to pay all awarded monetary damages jointly and severally to I and other plaintiffs, using comparative fault principles to pay us plaintiffs. (5) The court order that the pending case (ending) for me, VAUGHN HARRIS, be dismissed on the grounds of violation of Due Process and Illegal injury, torture, and punishment (before conviction) casenumber 2011-D-3475. (6) Award punitive and compensatory damages to all other plaintiffs in relief they are entitled to.

Case 3:23-cv-00302   Document 1   Filed 04/04/23   Page 11 of 22 PageID #: 11

This is A United States Constitution Federal AND STATE Prisoner Rights Medical AND Dentle Injuries Lawsuit CLAIM ACTION FOR RELIEF DAMAGES, filed by I, VAUGHN HARRIS, A Pro-Se pretrial prisoner of the Metropolitan Government of Nashville AND Davidson County, Tennessee or the Municipality Metro. Nashville, TN., from 10-1-2014 to today of 2018, for $250,000.00 in punitive AND compensatory AND injunctive relief damages from the defendants, Metro. Nashville AND Davidson County, TN, the Municipality, the Metropolitan Government of Nashville AND Davidson County, Tennessee, the Metro. Davidson County Sheriff's Office staff AND administrators, AND the Metro. D.C.S.O. agents of Medical Care, Correct Care Solutions, AND the C.C.S. medical staff AND dentle agents (Names listed on Next PAGE), for unnecessary injuries AND assault AND battery GROSS PAIN AND torture infliction by denial of timely, reasonable, foreseeable, AND prescribed Adequate Medical AND Dentle TREATMENT (IS NOT CARE BEING GIVEN) to me, HARRIS, by the defendants under Metro. Nashville, TN (UNCONSTITUTIONAL Municipality) policy AND directive, Tenn. Code Annotated 29-20-205(1),(2),r(6), that Let the Metro. Nashville, TN. Municipality AND its DENTLE Medical agents ignore my WRITTEN request for Medical care TOOTH FILLING For my TEETH + CAVITY serious Medical needs, which Let the dentist refuse to fill my CAVITIES (from gravel bitten in D.C.S.O. food, for Teeth caused a 4 months until my teeth deteriorated to the Nerves; then Dr. Krystal Lewis left TEETH SO I SUED THE DENTIST, me in dentle pain for 8 months — instead of referring me for A requested BY (NOT) — giving me PAIN MEDS! Teeth rootcanal, that could be authorized, the Correct Care Solutions medical I WAS SUFFERING UNBEARABLE PAIN, AND wanted to SAVE my Teeth. staff retaliated against me by conspiring to deny me dentle pain meds for 8 months with the Metro. D.C.S.O. Administrator-Austin Bodie, on Another LATER) date the C.C.S. medical staff withheld my proscribed high blood pressure medication to make me suffer A heart attack; after oral surgery by A EVEN AFTER I NOTIFIED THEM, UNNECESSARILY, Hospital DENTLE McHarry dentist-the C.C.S. medical staff refused to give me ANY PAIN medication for A week — in retaliation for my Medical Lawsuit against AFTER ORAL SURGERY AT VANDERBILT Metro. Nashville, TN AND its D.C.S.O. agents AND its C.C.S. medical agents.

I, VAUGHN HARRIS, the plaintiff in this (LAW)(Suit) repeatedly exhausted the D.C.S.O.'s METRO PRISON AND grievance appeal procedures when possible to the defendants, but sometimes the defendants withheld access to the USE appeal devices by denying us R.H.U. hold inmates (equal use of the Law library Tablet and (indigent) KIOSK) from 4-21-2020 until today in 2023.

① the defendants in this Lawsuit are: ① the Metropolitan Government of Nashville and Davidson County, Tennessee. ② Governor Bill Lee, ③ the Nashville, Tennessee Legislature, ④ Sheriff DARON HALL, ⑤ Austin Bodie, ⑥ Thomas Conrad, ⑦ Granvisse Earl, ⑧ Beth Gentry, ⑨ CARLA Joseph, 98 thru 130. ALL other unknown Named D.C.S.O. administrative staff of the Davidson County Sheriffs Office and its Medical Agents and Dentist, from 2014 until today of 2023. (Because the defendants hide their NAME BADGES in A.r.t. order to impede me from filing a Nonfrivolous MEDICAL CARE neglect AND LAW library denial OF RESEARCH ADEQUATE USE Lawsuit from 2014 until today of 3-11-2023).

I, HARRIS, put a 60 plus page Lawsuit into the Davidson County Sheriffs office M. DOWNTOWN DETENTION CENTER MAIL BOX in March of 2022 and an amended suit in April 2022 sueing the above Named persons and the Metropolitan Government of Nashville, Tennessee DAVIDSON COUNTY AND ITS OF MEDICAL CARE Agents in the Lawsuit, but these defendants were Never Named by the Court CLERK in the Lawsuit filed to the Court FEDERAL. Because the Lawsuit I, Vaughn Harris, placed in the D.C.S.O. MAILbox in March, April, and May of 2022 to the U.S. Federal Court of Tennessee Middle District were Altered, Amended, OR and destroyed by the D.C.S.O. staff under Tenn. Code Ann. 29-26-205, in order to cause injury AND dissmissal of my Nonfrivolous Lawsuit claim, and to hinder AND DENY AND impede my access to the Court, which violated my 1ST, 4TH, 5TH, 8TH, and 14TH Amendment Rights of the U.S. Constitution, I was entitled to, but was denied by persons working under color of state Law. An actual injury occurs where the effort of a prisoner to pursue a Nonfrivolous legal claim was hindered or prevented from litigating a NONFRIVOLOUS CASE. → Lewis

12

Supreme Court case, Lewis v. Casey, 116 S.Ct. 2174, 2179 (1996) [4] stated that a prisoner must show A denial of access to court, not a denial of access to A law library or legal Assistance, in order to claim A denial of court access. Also a prisoner could show that the inadequacies in the prison's law library or assistance program or assistance. [LAW LIBRARY HELP or] denial hindered his efforts to pursue A legal claim [NONFRIVOLOUS] and an actual injury resulted [4] [5] or an actual injury occurs where the effort of a prisoner to pursue A non-frivolous legal claim was hindered or has been frustrated or was impeded by the defendants [prison] or the municipality [prison] by access to the Federal Court, [5]. or [6] if A prisoners complaint is dismissed because the individual was unable to research pleading requirements or unable to file A complaint [MAILED] or a non-frivolous complaint. a hinderance has occurred. [7]. Some Courts [8] assume that only dismissal or inability to file non-frivolous complaints satisfies the injury requirement. Lewis v. Casey, 116 S.Ct. [5] at 2180, [6] at 2181, [7] at 2189, [8] Davis v. Milwaukee Co. 225 F. Supp. 2d 967 (E.D. Wis. 2002).

Since 2011 through up to today, March of, 2023 and ongoing currently this instant I, inmate prisoner, VAUGHN HARRIS, have been denied effective, timely medical and dentle treatment and repair of my sickcall/requested serious medical needs by DAVIDSON County Sheriff's Office Medical And Dentle CARE contracted staff agents for inmate pretrial and posttrial prisoners because of these D.C.S.O. Medical Agents execution of Nashville, Tennessee law and D.C.S.O. policy and custom T.C.A. 29-20-205. All of the denied medical care and dentle repair care D.C.S.O.-C.CS. sickcall request, and D.C.S.O. grievances and appeals to the denied sickcalls', And the Medical and Dentle (Dr doctors) diagnosis) of my serious medical needs is documented in the D.C.S.O. defendants computer files and the Medical and Dentle Agents For the D.C.S.O. (Correct Care Solutions, Dr Krystal Lewis, Dr B ← Name Unknown, Dr Africa ← Full Name Unknown, Dr - name unknown etc...) paper and computer Files.

**(5)** The institution or prosecution of any judicial or administrative proceeding, even if malicious or without probable cause;

**(6)** Misrepresentation by an employee whether or not such is negligent or intentional;

**(7)** Or results from riots, unlawful assemblies, public demonstrations, mob violence and civil disturbances;

**(8)** Or in connection with the assessment, levy or collection of taxes; or

**(9)** Or in connection with any failure occurring before January 1, 2005, which is caused directly or indirectly by the failure of computer software or any device containing a computer processor to accurately or properly recognize, calculate, display, sort, or otherwise process dates or times, if, and only if, the failure or malfunction causing the loss was unforeseeable or if the failure or malfunction causing the loss was foreseeable but a reasonable plan or design or both for identifying and preventing the failure or malfunction was adopted and reasonably implemented complying with generally accepted computer and information system design standards. Notwithstanding any other law, nothing in this subdivision (9) shall in any way limit the liability of a third party, direct or indirect, who is negligent. Further, a person who is injured by the negligence of a third party contractor, direct or indirect, shall have a cause of action against the contractor.

*☆ Tennessee Law TN code Ann. §29-20-205(2) claims that 2 of 2 injuries that Arise out of civil rights violations carried out by its staff and employees and agents, is legal and that all these persons and governmental entities are immune to the rights of the United States Constitution for citizens of Tennessee, which is a Lie and unconstitutional. This government policy inflicted my injuries by its agents execution of this unconstitutional policy and custom.*

[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983. *)

*Unconstitutional Government Law And Policy Ⅴ 29-20-205(2)*

A municipality is not liable under § 1983 for [*9] injuries inflicted solely by its employees or agents, and the doctrine of respondeat superior is inapplicable to § 1983 actions. *Id.* at 694-695. "It is only when the 'execution of the government's policy or custom ... inflicts the injury' that the municipality may be held liable under § 1983." *City of Canton v. Harris*, 489 U.S. 378, 385, 103 L. Ed. 2d 412, 109 S. Ct. 1197 (1989) (citation omitted).

*2 of 2*

*18*

The defendants, the Metropolitan Government of Nashville and Davidson County, Tennessee and it's employees and agents, adopted and executed law, policy, and custom, Tennessee Code Annotated 29-20-205, legalized abuse (Civil Rights) (any inhabitants of Nashville, Tennessee and) of pretrial prisoners in the municipality's custody (Nashville, Tennessee) to inflict harm, punishment, and injury to us pretrial prisoners in any manner of discretion by it and it's employees and it's agents (abuse of) under the municipality's policy, custom, law, and direction. Which was the moving force behind the municipality's and it's employees and agents deliberate indifference to our pretrial prisoner (and) health and safety and caused the medical agents to carry out assault and (inflict) battery by medical care delay, neglect, and denial of medical care and wanton unnecessary injury and infliction of pain on us plaintiffs (pain and) (torture). The municipality's agents and employees of the Davidson County Sheriff's Office also used law (Tenn. Code Ann.) (29-20-205) (use or) to withhold adequate access (equal) (legal tablet) to adequate Federal Law Library materials (supplies) to us pretrial prisoners from 2015 to 2029 so we could not file a nonfrivolous lawsuit complaint and redress and respond to the court in a meaningful timely manner (or as with) (and to our common) with adequate legal council. The plaintiffs seek to hold the City of Nashville, Tennessee and it's employees and medical care agents liable for injuries caused by it and (government and) it's agents and employees execution of policy, customs, and law 29-20-205 (Tenn. Code Annotated) (29-20-205) against (pretrial prisoners) of Metro, Nashville, Tennessee that suffered injuries (in custody) (City of) (caused) due to violations of these plaintiffs Due Process Clause rights and violations (constitutional) of their 1st, 4th, 5th, 8th, and 14th Amendment Rights of the United States Constitution, by persons working under color of state law of Nashville, Tennessee from 2015 until today of 2019 and possibly into the future. Local governing bodies can be sued under 42 U.S.C. § 1983 only where "the action that is alleged to be unconstitutional imple- ments or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers, agents, or employees and the municipality" or is visited pursuant to governmental custom even though such a custom has received formal approval through decision making channels, Monell v. Department (not) of Social Services, 436 U.S. 658, 690-91, 98 S.Ct. 2018, 56 L. Ed. 2d 611 (1978). "A municipality can be liable under 42 U.S.C. § 1983 only where its policies are the moving force behind the constitutional violations" and there is a direct causal connection between the policy, custom, or law of the city and the constitutional injury to the plaintiffs. Vaughn. Harris (quoting City of Canton v. Harris, 489 U.S. 378, 389, 103 L. Ed. 2d 412, 109 S.Ct. 1197 (1989).

17

Case 3:23-cv-00302   Document 1   Filed 04/04/23   Page 17 of 22 PageID #: 17

The MUNICIPALITY of Metropolitan Nashville AND DAvidson County, Tennessee's Adoption of the city's official policy, custom, And LAW, Tenn. Code Ann. 29-20-205(2)H(1) is AN illegal legislative enactment of LAW that cLAiMs that(governmental) employees of medicAL cARe Are Allowed [STATES] [ENTITIES 9 t] to ignore or violate inhabitants of Nashville, TN civil rights or federAL U.S. 8TH 4 14TH [ABUSE] [LAWS] [14TH, 1ST] [#N] 14TH Amendment Rights of the United States Constitution, I was entitled to, but was denied by persons working under color of Tenn. Code Ann. 29-20-205(1)H(2)(b), Metro, Nashville, TN state LAW. It is only when the execution of the governments policy or custom inflicts the injury that the municipality MAY be held liable under 42 U.S.C. §1983, City of CANTON, Ohio v. HARRIS, 489 U.S. 378, 385, 103 L.Ed.2d 412, 109 S.Ct. 1197 (1989)(citation omitted). ALL the unnecessary injuries I, HARRIS, suffered and sustained from Metro. And its Agents were A direct result of Metro, Nashville, TN officiAL MUNicipAL policy And custom And law Tenn. Code Ann. 29-20-205(1),(2), And (6), used by these (medicAL Agents) to deny me medicAL [TIMELY] [CORRECT] cARe, by the discretionARY (cLAuse), 29-20-205(1) And the civil rights [ABUSE] immunity cLAuse, (2) of 29-20-205; that they knew I Needed, but refused to give me for the very purpose of cAusing me, HARRis, And others on [AND others] AssAult And battery by medicAL Neglect with the knowledge that [DeliberAte] hARm would result, even though they all knew I And others hAd A sufficiently [And others N.] serious medicAL need while (incARcerAted) FArmer v. BrennAN, 511 U.S. [PReTRIAL] 825, 837, 128 L.Ed.2d 811, 114 S.Ct. 1970 (1994) And showing the prison medicAL staff possessed A sufficiently culpAble state of mind in denying me medicAL cARe for the very purpose of (cAusing hARm) or with the [INjury or to me] knowledge hARm will result, FArmer 511 U.S. At 834,835) The Act of [INjury or] [quoting] DeliberAte indifference by prison officiAls to And pretriAl detAinees [INMATES] serious medicAl needs constitutes unnecessAry And wAnton infliction of pAin in violAtion of the 8TH And 14TH of the U.S.C. Amendments prohibition AgAinst cruel And unusuAl [DUE] [PROCESS] [cLAuse] punishment, MOLTON v. CITY OF CLEVELAND 839 F.2d 240,243 (6TH Cir. 1988) ∟ ESTELLE v. GAMBLE 429 U.S. 97, 104, 50 L.Ed.2d 251, 97 S.Ct. 285 (1976) where Any person Acting under color of state law Abridges rights secured by the Constitution or United States laws, including A detAinee's 8TH And 14TH Amendment rights §1983 provides civil redress, City of CAnton, Ohio v. HARRis, 489 U.S. 378, 388-89, 103 L.Ed.2d 412, 109 S.Ct. 1197 (1989)

Because the municipality, the Metropolitan Government of Nashville and Davidson County, Tennessee adopted a policy, custom, and law (TENN. Code Ann. 29-20-205), that caused our plaintiffs injury (and) mistreatment (and) was the moving force behind the constitutional violations inflicted upon us pretrial prisoners of Nashville (Mgc.city) from 2015 to 2019 A today, "the municipality (and it's agents) can be (liable) under (held) 42 U.S.C. §1983 only where it's policies are the moving force (behind) the constitutional violation." City of Canton v. Harris, 489 U.S. 378, 389, 103 L.Ed. 2d 412, 109 S. Ct 1197 (1989) (quoting Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 S6 L.Ed. 2d 611, 988 S.Ct 2018 (1978). The policy, custom, and law (TENN. CODE ANNOTATED 29-20-205) abuse adopted, authorized, and made (enacted) executed by the Metropolitan Government (CITY) of Nashville and Davidson County, Tennessee and it's agent employees (D.C.S/S.C0.) and agent medical contractors and staff under the (them) municipality's direction to cause our plaintiff injuries from deliberate indifference (MG.CV/MC.HSE) actions by the municipality and it's agents, Abuse that caused (constitutional violations) (ENACTED) (14TH. AMENDMENT) U.S.C. of rights entitled to us pretrial prisoner detainees of Nashville, Tennessee from 2015 to today 2019 by persons working under color of state law. A municipality can be liable for failure to train, supervise, or discipline it's law enforcement employees and agents for acts or inactions that constitute a policy or custom of deliberate indifference to pretrial (AND) prisoner's health or safety that cause injuries in violation of thier our fourteenth and 1st, 4th, 5th, and 8th. Rights of the Amendment United States Constitution Rights under 42 U.S.C. § 1983. Sharpe v. City of Lewisburg, Tenn., 677 F. Supp. 1362, 1368 (M.D. TENN. 1988) and Leach v. Shelby County Sheriff, 891 F. 2d 1241 (6TH Cir. 1989) It is possible that a city or municipality to may be held liable in conjunction with it's employees and agents for execution of (ACTS or decisions) carrying out the municipality's policy, custom, or (AW) that (condones) deliberate (CONSTITUTES) (injury or indifference to pretrial prisoners serious medical needs or thier punishment. If (purposeful) of the Due Process Clause of the plaintiffs 1st, 4th, 5th, 8th, and 14TH. Amendmentsot the United States Constitution were violated by the municipality and it's employees and agents, the defendants, under municipality state law, by the touchstone of a 42 U.S.C. § 1983 Action against a government body is an alligation that official policy or laws responsable for the staff and agents and municipality deprivations of rights protected by the constitution. This (municipality) policy of Abuse of constitutional law was executed against us pre- (NASHVILLE. Tn.) (TN Code ANN. 29-20-205) trial prisones of the (City of Nashville) to violated our 1st, 4th, 5th, 8th, and 14TH Amendment (From 2019 to today) Rights of the United States Constitution and injured our health and violated the statute of limitations (LAW) of prosecution of thier Abuse by impeding Acess to the Court by withheld adequate legal materials from us plaintiffs for years from 2015 until today of 2019 under Tenn. Code Ann. 29-20-205 by the metro. D.C.S.O. municipality and it's employees.

22

VII. Relief Requested Immediately From The Federal Court:

(1) Court Order that prisoner Vaughn Harris - 578087, be given a D.C.S.O. Law and Entertainment Tablet with all the apps that general population inmates are allowed and order he be given 365 day (a 1 year) use of that Tablet 24 Hours a day) except when the Tablet is being recharged one day out of the 7 days in a week.

(2) Court Order that prisoner Vaughn Harris, be sent to an outside of prison dentle care cosmetic and implant dentist to recieve dentle debrvment, dentle fillings, dentle root canals, dentle crowns, and WHITENING IMPLANTS or dentle teeth replacements at SameDaySmiles.com, or Clear Choice Dentle

(3) Court Order that Vaughn Harris be given (2 days for 1 day served SENTENCE credits) on and in his sentenced time served and to be served due to the defendants denial of Harris's 1st, 4th, 5th, 6th, 8th and 14th Amendment Rights of the U.S. Constitution, that he was entitled to, but was denied by persons working under color of Tennessee state law in violation of Harris's Due Process Rights.

(4) Court Order the D.C.S.O. Sheriff and Head Administrative Assistant Warden Thomas Conrad to appoint a Law Librarian or a D.C.S.O. Case Manager to make computer (paper printouts) of the Case Law stored on the D.C.S.O. Law Library Tablet if written, verble, or digital requested by any prisoners at any Nashville, Tennessee prison.

(5) Court Order the D.C.S.O. Sheriff and the D.C.S.O. Food Buyer and staff to provide real pasteurized homogenized cow 2% Reduced Fat Milk to all D.C.S.O. inmates on Kosher diets every day at Breakfast with Cereal for the next 14 years from 2023 to 2037.

(6) Court Order the D.C.S.O. Sheriff to have the D.C.S.O. Law Librarian and Case Manager Supervisor (Gravisse Earl) to put all Federal Civil Lawsuits won by Tennessee prisoners or persons against the D.C.S.O. staff for the Metropolitan Government of Nashville and Davidson County, Tennessee

(7) Court Order that the D.C.S.O. Sheriff or Gravisse Earl to give inmate Vaughn Harris the Full Names and staff positions of all D.C.S.O. guards and

*(right margin, vertical):* From TN 2020 to 2022, 2023. TN Aug-20-2022. All D.C.S.O. Medical and Dentle care staff and agents

⑧ Court Order that the defendants and the D.C.S.O. Sheriff DARON HALL order GRANVISSE EARL and LAW Librarian Mrs Bourne and the Educational Director of the D.C.S.O. And the Securus Tablet Agent programer to put All of the INMATE WON CIVIL CASES or (unpublished) LAWSUITS WON AGAINST Nashville and D.C.S.O. Tennessee government, TENNESSEE Medical and Dentle Agents, Nashville, Tennessee D.C.S.O. staff or Medical Agents FROM date 1-1-1984 to 2023 on the Securus LAW Library TABLET immediately under the Freedom of INFORMATION Act of the U.S.A., Also order that (INMATES D.C.S.O.) be Allowed paper printouts of these cases CASE LAW by verble or written request or digital TABLET request, AND have put on the LAW Library D.C.S.O. TABLET instructions on how to File HAbeAs Corpus Petitions AND EXAMPLES of Some → filed AND WON by Tennessee or other state prisoners For Due Process VIOLATIONS;

⑨ Court Order A Federal INVESTIgATER to eXAMINE the LAW Library. Research TABLET use etime For inmates housed in the ENTIRE D.C.S.O. - Downtown Detention Center Prison

[→ D.C.S.O. = Davidson County Sheriffs Office Prison ↓ BELOW]

**VII.** RELIEF REQUESTED: State exactly what you want the Court to order each defendant to do for you. *I Request THE Federal Court Judge to*

① *Court Order The defendants to Alter the T.C.A. Law 29-20-205 use,* [METRO]

② *Court Order the D.C.S.O. Sheriff And All his D.C.S.O. staff to Allow inmates held in R.H.U. but Are Not under Disciplinary Hearing EXTRA Punishment to be Allowed 7 DAY A week All Apps Tablet use in thier cells,* [24 HOUR]

③ *Court Order that All inmates held in D.C.S.O. R.H.U. units be Allowed 4 hour's day A week use of the Law Library Tablet and the radio App and case Law or insioits of the Tablet's case Law by the Law Librarian, Educational direter, or case Manager, And* [BE GIVEN PAPER LAW Library]

④ *Court Order the D.C.S.O. Sheriff DARON HALL And the D.C.S.O. Medical CARE Supervisor to immediately get the D.C.S.O. Medical staff to give inmate VAUGHN HARRIS 578087* ... *All the Covid Booster shots he Needs, The*

*I request a jury trial.* ✗ Yes ____ No

⑤ *Court Order the D.C.S.O. Medical Agent Doctor give VAUGHN HARRIS. The*

**VIII.** CERTIFICATION *correct blood pressure medicine regiment of Lipricil in the morning and Lipricil in the evening As Needed,*

I (we) certify under the penalty of perjury that the foregoing complaint is true to the best of my (our) information, knowledge and belief.

Signature: *Vaughn Harris*          Date: *MARCH 14, 2023*
Prison Id. No. *V 578087*
Address (Include the city, state and zip code.): *Downtown Detention Center Prison,*
*P.O. Box 196383, Nashville, TN 37219-6383*

Signature: _____          Date: _____
Prison Id. No. _____
Address (Include the city, state and zip code.): _____

**ALL PLAINTIFFS MUST SIGN AND DATE THE COMPLAINT**, and provide the information requested above. If there are more than two plaintiffs, attach a separate sheet of paper with their signatures, dates, prison identification numbers, and addresses.

**ALL PLAINTIFFS MUST COMPLETE, SIGN, AND DATE SEPARATE APPLICATIONS TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**, if not paying the civil filing fee.

**SUBMIT THE COMPLAINT AND (1) THE REQUIRED FILING FEE OR (2) COMPLETED APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES AND COSTS TOGETHER.** Complaints received without the required filing fee or application to proceed without prepayment of fees will be returned. Filing fees and applications to proceed without prepayment of fees submitted without a complaint will be returned.

27

Case 3:23-cv-00302   Document 1   Filed 04/04/23   Page 22 of 22 PageID #: 22