IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| VAUGHN HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 3:23-cv-00302 |
| | ) |
| METROPOLITAN GOVERNMENT OF | ) JUDGE CAMPBELL |
| NASHVILLE AND DAVIDSON | ) |
| COUNTY, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Vaughn Harris, a state inmate in the custody of the Davidson County Sheriff's Office in Nashville, Tennessee, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1, "the Complaint") and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.) As explained below, Plaintiff will be permitted to proceed IFP but must file an amended complaint.

### I. APPLICATION TO PROCEED IFP

Under the PLRA, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because it is apparent from Plaintiff's IFP application that he lacks the funds to pay the entire filing fee in advance, that application (Doc. No. 2) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), Plaintiff is nonetheless assessed the $350 civil filing fee.[1] The warden of the facility in which Plaintiff is currently housed, as custodian of

---

[1] Prisoners who are not granted pauper status must pay a total fee of $402—a civil filing fee of $350 plus a civil administrative fee of $52—while prisoners who are granted pauper status are only liable for the $350 civil filing fee. *See* 28 U.S.C. § 1914(a)–(b) and attached District Court Miscellaneous Fee Schedule, provision 14 (eff. Dec. 1, 2020).

Plaintiff's trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility where Plaintiff is housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

## II. INITIAL REVIEW

The Court must conduct an initial review and dismiss the Complaint if it is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e(c)(1). To determine whether the Complaint states a plausible claim, the Court "must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A pro se pleading must be liberally construed and "held to less stringent standards than formal

pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

A preliminary examination reveals that the Complaint as currently constituted is not amenable to review under the above standards, for three reasons. First, although this case was not docketed as a multiple-plaintiff filing, the Complaint's first page indicates that Plaintiff is improperly attempting to file on behalf of "all pretrial and inmate prisoners held in the RHU cells of the Davidson County-Downtown Detention Center prison." (Doc. No. 1 at 1.) Although Plaintiff is the only inmate who signed the Complaint and applied for pauper status, the Complaint alternates between, on one hand, alleging harms particular to Plaintiff, and on the other, making assertions in support of a class action on behalf of all pretrial prisoners from "2014 to today" or "2015 to 2022." (*See id.* at 7, 8, 10, 11, 17, 19.) But it is clear that "[a] prisoner proceeding without an attorney may not represent the interests of fellow inmates in a class action." *Boussum v. Washington*, --- F. Supp. 3d ----, 2023 WL 112460, at *2 (E.D. Mich. Jan. 5, 2023) (citing *Heard v. Caruso*, 351 F. App'x 1, 15 (6th Cir. 2009), and *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001)); *see also Howard v. Pollard*, 814 F.3d 476, 478 (7th Cir. 2015) (affirming denial of pro se inmate's motion for class certification "on the ground that a pro se litigant is not an adequate class representative") (citing cases).

Second, the form of the Complaint is problematic. The Court takes judicial notice that the Complaint utilizes pages from Plaintiff's earlier lawsuits—modified to change relevant dates and minor details but continuing to assert many of the same claims against most of the same defendants (*compare* Doc. No. 1 at 3, 10–11 *with* Case No. 3:22-cv-00221, Doc. No. 1 at 9, 14 *and* Case No. 3:19-cv-00735, Doc. No. 1 at 7, 13)—and includes at least one claim (deliberate indifference to serious dental needs (*see* Doc. No. 1 at 12)) that was previously adjudicated on the merits in this

Court. *See Harris v. Metro. Gov't of Nashville and Davidson Cnty., Tenn., et al.*, No. 3:15-cv-00356, Doc. No. 336 at 12 (M.D. Tenn. Dec. 11, 2018) (Friedman, J.). A secondary effect of this cobbling together of pages from older filings is Plaintiff's apparent need to fit more text onto a given page than it can reasonably bear, resulting in wide swaths of the document being difficult to read due to the reduced size and spacing of the text.

Third and finally, the current Complaint is not amenable to initial review because it "runs afoul of the [Federal Rules of Civil Procedure] governing the joinder of claims and parties in a single lawsuit." *King v. Chambers*, No. 3:20-cv-00379, 2020 WL 2404672, at *2 (M.D. Tenn. May 12, 2020). The Federal Rules permit the joinder of all claims against a single opposing party, and they permit the joinder of all defendants alleged to be liable for "the same transaction, occurrence, or series of transactions or occurrences" where "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 18(a) and 20(a)(2). But they do not permit the conglomeration of "unrelated claims and defendants in one lawsuit." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009) (citation and internal quotation marks omitted); *see also Tolbert v. Tennessee*, No. 2:17-cv-2137-STA-egb, 2017 WL 4324541, at *2 (W.D. Tenn. Sept. 28, 2017) (quoting *Harris v. Gerth*, No. 08-CV-12374, 2009 WL 368011, at *1 (E.D. Mich. Feb. 11, 2009) (collecting circuit court cases and explaining that the "impulse . . . toward entertaining the broadest scope of action . . . does not provide a plaintiff a free license to join multiple defendants into a single lawsuit where the claims against the defendants are unrelated").

The Complaint appears to name more than 60 Defendants, nearly all of whom are individuals.[2] It is difficult to parse out which discrete claims are asserted against which Defendants, but joinder issues are revealed by the Complaint's demands for various and specific

---

[2]  (*See* Doc. No. 1 at 3; *but see id.* at 13 (identifying 9 entities or individuals as "defendants in this lawsuit," in addition to at least 32 defendants whose names are unknown).)

relief, as follows: (1) continuous access to a tablet computer for Plaintiff's legal research and entertainment purposes; (2) outside dental care; (3) 2-for-1 sentence credits; (4) paper printouts of the cases Plaintiff researches on the law library tablet; (5) "real pasteurized homogenized cow 2% reduced fat milk to all D.C.S.O. inmates on kosher diets every day at breakfast with cereal for the next 14 years from 2023 to 2037"; (6) production of the names of all DCSO-involved cases and defendants from the last three years; (7) creation of a digital record of litigation from 1984 to present involving DCSO and related agents and entities; (8) a federal investigation into the "use-time" of the DCSO law library tablet; and (9) "all the covid booster shots [Plaintiff] needs," in addition to "the correct blood pressure medicine regimen[] of Lipricil in the morning and Lipricil in the evening as needed." (Doc. No. 1 at 20–22.)

This scattershot style of pleading is typically rejected by courts due to misjoinder of claims and parties. *See Tolbert*, 2017 WL 4324541, at *3; *Staples v. Stone*, No. 16-cv-12367, 2017 WL 76891, at *3 (E.D. Mich. Jan. 9, 2017) (quoting *Proctor*, 661 F. Supp. 2d at 778) (explaining that, under the Federal Rules, a Plaintiff must assert "at least one claim to relief against each [defendant] that arises out of the same transaction or occurrence and presents questions of law or fact common to all"). Put simply, "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Entertaining the Complaint in its present form would flout the federal joinder rules and impermissibly complicate the litigation of this case.

### III. FURTHER ACTION

Accordingly, Plaintiff **MUST** file an amended complaint within **30 DAYS** of the date of this Order. In his amended complaint, Plaintiff **MUST NOT** (1) assert claims on behalf of other inmates, (2) utilize pages that are reproduced from old complaints, or that contain sections that use less than standard line spacing; or (3) join unrelated claims against unrelated parties. In keeping

5

Case 3:23-cv-00302   Document 4   Filed 04/20/23   Page 5 of 6 PageID #: 33

with federal joinder rules, Plaintiff can assert all the claims he has against a single defendant, regardless of whether the claims arise from the same incident or incidents; <u>or</u>, he can assert the claims he has against multiple defendants that all arise from the same incident or series of related incidents, but no other claims unrelated to such incident(s). *See King*, 2020 WL 2404672, at *3. As to the claims of the current Complaint that fall outside the scope of this required amendment, Plaintiff may still pursue them but must file <u>separate</u> lawsuits to do so. *Id.*

The Clerk is **DIRECTED** to mail Plaintiff a blank Section 1983 complaint form, which he should use in drafting his amended complaint. Plaintiff **MUST** include the docket number for this case – No. 3:23-cv-003020 – on his amended complaint.

Plaintiff is warned that failure to comply with this Order within the time provided, or to timely request additional time to do so, may result in action by the Court, including potential dropping of parties, severing of claims, or dismissal of this action for failure to prosecute and failure to comply with the Court's order. Plaintiff is also warned that he must keep the Clerk's Office informed of his current address at all times.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE