# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| VAUGHN HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:23-cv-00302 |
| ) | |
| METROPOLITAN GOVERNMENT OF ) | JUDGE CAMPBELL |
| NASHVILLE AND DAVIDSON ) | |
| COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Vaughn Harris, a state inmate in the custody of the Davidson County Sheriff's Office (DCSO) in Nashville, Tennessee, filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.)

On April 20, 2023, the Court granted Plaintiff's IFP application but directed him to file an amended complaint because, among other reasons, the original complaint (1) utilized pages from Plaintiff's earlier lawsuits that were modified by adding text where there was not a reasonable space to do so and included at least one claim (deliberate indifference to serious dental needs) that was previously adjudicated on the merits in this Court,[1] and (2) ran afoul of the Federal Rules of Civil Procedure governing the joinder of claims and parties in a single lawsuit by naming some 60 individual defendants and claiming a wide variety of relief for unrelated violations of Plaintiff's civil rights. (*See* Doc. No. 4.)

---

[1] *See Harris v. Metro. Gov't of Nashville and Davidson Cnty., Tenn., et al.*, No. 3:15-cv-00356, Doc. No. 336 at 12 (M.D. Tenn. Dec. 11, 2018) (Friedman, J.).

On May 31, 2023, Plaintiff filed an Amended Complaint (Doc. No. 6-1) which entirely fails to comply with the Court's April 20 Order. The Amended Complaint is 32 pages long, includes photocopies of pages from old pleadings and lawsuits with additional text inserted in superscript position, and seeks wide-ranging relief based on largely the same array of unrelated claims against nearly the same number of defendants as before. The Amended Complaint thus again violates the joinder rules by asserting multiple unrelated claims (for violation of Plaintiff's 1st, 4th, 5th, 6th, 8th, and 14th Amendment rights and for relief concerning his sentence under 28 U.S.C. § 2254[2] (*see* Doc. No. 6-1 at 3, 6, 26–30)) against a host of defendants (*see id.* at 2).

Rule 21 of the Federal Rules of Civil Procedure authorizes the Court to "add or drop a party" or "sever any claims against a party" in cases of such misjoinder. Accordingly, the Court will consider only Plaintiff's first identified claim—that he was denied "timely repair [by] requested dent[al] and medical care procedures, which injured [his] health, due to discrimination and deliberate indifference by D.C.S.O. Medical staff" (*id.* at 6)—and will dismiss the other, unrelated claims from this action. Fed. R. Civ. P. 21.

## I. INITIAL REVIEW

The Court must conduct an initial review and dismiss the remaining claim of the Amended Complaint if it is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To determine whether a plausible claim is stated, the Court must view the Amended Complaint in the light most favorable to Plaintiff and must take "all well-pleaded factual

---

[2] Plaintiff is advised that "a [§] 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Plaintiff's claim for relief in the form of credits that would affect the duration of his sentence (*see* Doc. No. 6-1 at 26) cannot be asserted in a Section 1983 complaint, "but rather must be filed in a [separate] petition for a writ of habeas corpus." *Fontaine v. Parker*, No. 3:20-CV-217, 2020 WL 2768984, at *2 (E.D. Tenn. May 28, 2020) (citing *Preiser*, *supra*).

allegations" as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The Amended Complaint makes broad assertions of medical and dental injuries due to mistreatment or delay/denial of treatment, but without specifying any particular instances of such mistreatment. For instance, it begins by alleging that DCSO "medical [and] dent[al] agents were allowed to delay, deny, or allow dent[al] [and] physical torture and further injury and decay of [Plaintiff's] teeth and urgent serious medical needs," and also that they withheld prescribed pain relief medication. (Doc. No. 6-1 at 8.) It references "the medical agents" being allowed "to carry out assault and battery by medical care delay, neglect, and denial of medical care." (*Id.* at 11, 12.) The Amended Complaint seeks damages from Davidson County "and its medical care agents, Correct Care Solutions [(CCS)], and its medical staff, and its dent[al] agents, Dr. Krystal Lewis, Dr. B., Dr. Africa, and Jenny Jaynes, for injuries [Plaintiff] suffered and still suffer[s] due to the defendants' willful, wanton, gross medical and dent[al] neglect, delay and denial of requested and prescribed . . . effective [and] adequate dent[al] and medical care from 10-29-14 to today." (*Id.* at 23.) It also seeks damages "for the unnecessary two medical heart attacks he suffered due to D.C.S.O. Medical['s] deliberate withholding of his prescribed blood pressure medication" and "deliberate dent[al] pain[,] torture and damage to all of [his] teeth unnecessarily," as well as for an ear injury caused "by C.C.S. staff malpractice." (*Id.* at 27.) The Amended Complaint does not provide more specific dates than "from 10-29-14 to today" for any alleged denial of medical or dental services (including any deprivation of blood pressure or pain medication) or any injury allegedly suffered as a result of such denial.

As referenced above, Plaintiff has previously presented a constitutional claim in this court against Dr. Krystal Lewis, for denial of appropriate dental care at DCSO "from date 10-29-2014," when Dr. Lewis allegedly "refused to perform the proper procedure for filling [Plaintiff's] cavity in a timely manner deliberately, because of animus against [him] from a prior dent[al] encounter[.]" *Harris v. Metro. Gov't of Nashville and Davidson Cnty., Tenn., et al.*, No. 3:15-cv-00356, Doc. No. 336 at 8. In granting summary judgment to Dr. Lewis, the court found as follows:

> The Court assumes for present purposes that plaintiff's painful teeth constituted a serious medical need. Nonetheless, his Fourteenth Amendment claim fails because on this record no jury could find that Dr. Lewis was deliberately indifferent to that need. On the four occasions when plaintiff requested dental care (on October 29, 2014, and on January 7, March 18, and June 18, 2015), he was promptly seen and evaluated by a nurse, who prescribed pain medication. On the first and second occasions, plaintiff was also referred to Dr. Lewis, who likewise saw him promptly, examined him (including by taking x-rays on the first appointment and by offering to do so on the second appointment, only to be denied permission to do so by plaintiff), made a diagnosis, prescribed medications, and discussed treatment options. Those options included extraction or root canal treatment. Because plaintiff wanted to keep his teeth, he elected to wait until he was transferred to prison, where, unlike at the jail where he was housed at the time, root canals could be performed. When plaintiff requested dental care on the fourth occasion, June 18, 2015, he was seen and evaluated by a nurse and prescribed pain medication. He was also referred to Dr. Lewis, but he refused to attend the appointment. Obviously, Dr. Lewis cannot be faulted for not seeing plaintiff if he refused to appear for the appointment, just as she cannot be faulted for not taking x-rays of plaintiff's teeth if he would not permit her to do so.

*Id.* at 12. The court thus entered judgment against Plaintiff on his dental-needs claim, and on his claim that his alleged mistreatment was pursuant to a policy or custom of CCS or Davidson County. *Id.* at 13.

To the extent that the Amended Complaint seeks to relitigate these dental-needs claims, it is barred by the doctrine of res judicata. *See Johnson v. United States*, 37 F. App'x 754, 755 (6th Cir. 2002) (affirming sua sponte dismissal of prisoner case on res judicata grounds at initial screening). Federal res judicata principles apply because the initial case was filed in, and judgment

was rendered by, this court. *Remus Joint Venture v. McAnally*, 116 F.3d 180, 184 n.5 (6th Cir. 1997); *see also*, *e.g.*, *Oreck Direct, LLC v. Dyson, Inc.*, 544 F. Supp. 2d 502, 508 (E.D. La. 2008) ("The federal law of res judicata applies to federal judgments."). "Res judicata applies when there is: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Clemons v. Ohio Bureau of Workers' Comp.*, No. 17-4092, 2018 WL 1845871, at *1 (6th Cir. Mar. 8, 2018) (quoting *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009)).

All four requirements are met here. Plaintiff's prior case against Dr. Krystal and CCS/Metropolitan Nashville and Davidson County was dismissed on the merits, the dismissal was affirmed on appeal to the U.S. Court of Appeals for the Sixth Circuit, and Plaintiff's petition for writ of certiorari was denied by the U.S. Supreme Court. *Harris*, No. 3:15-cv-00356, Doc. Nos. 337, 355, 362. The two actions are between the same parties or their privies, and the issues arising from the planned treatment of Plaintiff's dental needs beginning October 29, 2014, were litigated in the prior action and are presented again in the current action. Finally, the facts underlying the causes of action in the two cases and the proof required to establish them appear to be the same; therefore, an identity of the causes of action exists. *Clemons*, 2018 WL 1845871, at *2 (quoting *Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 484 (6th Cir. 1992) ("Identity of causes of action means an identity of the facts creating the right of action and of the evidence necessary to sustain each action.")); *see also Nathan v. Rowan*, 651 F.2d 1223, 1228 n.8 (6th Cir. 1981) ("[T]he doctrine of res judicata necessarily applies to all matters, including new or different legal theories against the same parties. . . .")).

To allow Plaintiff to relitigate the dismissal of his earlier case involving dental care provided to him at the DCSO in 2014 and beyond, without any new assertions of particular injuries since the dismissal of his earlier case, "would be a waste of judicial resources and the precise situation that the doctrine of res judicata prohibits.'" *Jefferson v. Ferrer, Poirot & Wansbrough*, No. 3:10-00754, 2011 WL 5117789, at *3 (M.D. Tenn. Oct. 27, 2011) (quoting *Hanger Prosthetics & Orthotics East, Inc. v. Henson*, 299 F. App'x 547, 556 (6th Cir. 2008)).

Nor does the Amended Complaint provide sufficient factual detail to establish any more recent dental-needs claim that could escape the res judicata bar, or any plausible medical-needs claim based on Plaintiff's vague descriptions of the withholding of proper care and medications at undefined times. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," a standard which "asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Therefore, an allegation such as "deliberate withholding of [Plaintiff's] prescribed blood pressure medication" (Doc. No. 6-1 at 27), which is "merely consistent with a defendant's liability" but "stops short of the line between possibility and plausibility of entitlement to relief" against the unknown defendant who withheld the medication at an unknown time and for an unknown reason, is insufficient to avoid dismissal. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). And, to the extent that Plaintiff's allegation that "D.C.S.O. prison medical dent[al] agents were allowed to delay [or] deny" proper treatment (Doc. No. 6-1 at 8) may be liberally construed as claiming the liability of Davidson County (and to the extent such a claim is not barred by res judicata), it is not accompanied by the additional factual content required to show that a county "policy or custom . . . caused the injury in question," as

6

required to claim municipal liability. *Lipman v. Budish*, 974 F.3d 726, 747 (6th Cir. 2020) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)); *see Hutchison v. Metro. Gov't of Nashville & Davidson, Cnty.*, 685 F. Supp. 2d 747, 751 (M.D. Tenn. 2010) ("In the context of Section 1983 municipal liability, district courts in the Sixth Circuit have interpreted *Iqbal*'s standards strictly.").

For these reasons, Plaintiff has not sufficiently alleged his claim of denial of adequate dental and medical care, as required to escape the bar of res judicata and survive initial review.

## II. CONCLUSION

Plaintiff's claim regarding medical and dental care is therefore **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted. All remaining claims are **DISMISSED** without prejudice pursuant to Fed. R. Civ. P. 21. Plaintiff's pending motions (Doc. Nos. 5 & 6) are **DENIED** as moot.

This is the final Order denying all relief in this matter. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b). The Court **CERTIFIES** that any appeal from this Order would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE